UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

WILLIE JACKSON,

Petitioner,

v.

JEREMY BEAN, *et al.*,

Respondents.

Case No. 3:26-cv-00096-MMD-CLB

ORDER

## I.    SUMMARY

Petitioner Willie Jackson, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. (ECF No. 6.) Before the Court is Jackson's motion for leave to file amended pleading (ECF No. 7), motion for appointment of counsel (ECF No. 8 ("Motion for Appointment of Counsel")), response to order to show cause (ECF No. 10), and emergency motion for release (ECF No. 11). For the reasons discussed below, the Court grants Jackson's Motion for Appointment of Counsel and accordingly denies his remaining motions.

## II.    BACKGROUND

Jackson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On October 17, 2022, the state district court entered a judgment of conviction for first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, attempted murder with use of a deadly weapon, and coercion sexually motivated. The state district court sentenced Jackson to an aggregate term of life plus eight years with parole eligibility to begin at eighteen years. Jackson did not file a direct appeal.

On January 3, 2025, Jackson filed a state habeas petition seeking post-conviction relief. The state district court denied his petition as time-barred. In August 2025, Jackson

filed an emergency amended state habeas petition as well as a motion to modify and/or correct illegal sentence, which the state district court denied. The Nevada Supreme Court dismissed his appeal as untimely.

On February 9, 2026, Jackson initiated this proceeding by filing an application to proceed *in forma pauperis*. (ECF No. 1.) The Court instructed Jackson to file a complaint. (ECF No. 5.) On March 11, 2026, Jackson filed a petition for writ of habeas corpus. (ECF No. 6.) On March 17, 2026, he filed a motion for leave to file an amended petition for writ of habeas corpus. (ECF No. 7.) The show cause order explained that Jackson filed his petition more than two years after the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period expired. The Court instructed Jackson to show cause why his petition should not be dismissed with prejudice as time-barred.

## III.   DISCUSSION

In his response to the order to show cause, Jackson appears to assert that he may avoid the application of the limitation period based on ineffective assistance of counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012). He also appears to assert that counsel failed to file a direct appeal, which could arguably set forth a basis for equitable tolling. The Court finds that the issues in this matter would benefit from further briefing. In addition, the Court finds that the appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure and the complexity of potential claims. Given the myriad of potential procedural obstacles Jackson's situation presents, request for appointment of counsel accordingly is granted.

Because the Court sets a briefing schedule allowing Jackson to file an amended petition following the appointment of counsel, the Court denies Jackson's motion for leave to file amended petition (ECF No. 7) as moot. Jackson's emergency motion for release (ECF No. 11) lacks merit and is, therefore, denied.

## IV.   CONCLUSION

It is therefore ordered that Petitioner Willie Jackson's Motion for Appointment of Counsel (ECF No. 8) is granted.

It is further ordered that Petitioner's motion for leave to file amended pleading (ECF No. 7) is denied as moot.

It is further ordered that Petitioner's emergency motion for release (ECF No. 11) is denied.

It is further ordered that the Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the FPD is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the FPD, and the CJA Coordinator for this division.

DATED THIS 30th Day of June, 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE